NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 8 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

BRENDA YOUNG,

        Plaintiff - Appellee,

  v.

RENEWAL BY ANDERSEN, LLC;
ANDERSEN CORPORATION; RIVER
CITY WINDOW AND DOOR, INC.,

        Defendants - Appellants.

No. 24-6095

D.C. No.
2:24-cv-01759-DJC-CKD

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Submitted December 5, 2025[**]
San Francisco, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and ROSENTHAL,
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lee H. Rosenthal, United States District Judge for the
Southern District of Texas, sitting by designation.

Brenda Young filed this class action in California state court asserting claims under California law for (1) unfair competition, Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL"), and (2) false advertising, Cal. Bus. & Prof. Code §§ 17500, et seq. ("FAL").  Young sought equitable restitution and public injunctive relief for each claim.  Defendants Renewal by Andersen LLC, Andersen Corporation, and River City Window & Door, Inc. removed Young's action to federal court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Young moved to remand to state court, and the district court granted her motion on the basis that the district court lacked equitable jurisdiction and Article III jurisdiction over her claims.  Defendants now appeal the district court's order remanding Young's action to state court.

1.  "Where appellate jurisdiction is not barred by [28 U.S.C.] § 1447(d), we review de novo a district court's decision to remand a removed case."  *Casola v. Dexcom, Inc.*, 98 F.4th 947, 953 (9th Cir. 2024) (citing *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 938 (9th Cir. 2006)).[1]  Because the district court remanded for a reason other than lack of subject matter jurisdiction, this appeal is not precluded by 28 U.S.C. § 1447(d).  *See Harmston v. City & Cnty. of San*

---

[1] The parties disagree whether this Court should review the district court's remand order under a modified abuse of discretion or de novo review standard.  We need not resolve the dispute because, under either standard, reversal is warranted.  *See Courthouse News Serv. v. Planet*, 750 F.3d 776, 782–83 (2014) (explaining how, under a modified abuse of discretion review, the panel must "first review *de novo* whether the legal requirements for abstention are satisfied").

*Francisco*, 627 F.3d 1273, 1277 (9th Cir. 2010) ("[I]f a district court remands a case to state court for *any reason* other than lack of subject matter jurisdiction, its remand order is appealable under 28 U.S.C. § 1291."); *City of Tucson v. U.S. W. Commc'ns, Inc.*, 284 F.3d 1128, 1131 (9th Cir. 2002).

2. The district court erred in remanding Young's action for lack of equitable jurisdiction because Defendants raised their intent to waive their adequate-remedy-at-law defense before the district court. This Court recently clarified that "district courts are empowered to remand a removed case to state court for lack of equitable jurisdiction, but only after the removing defendant is given the opportunity to waive the adequate-remedy-at-law issue." *Ruiz v. Bradford Exchange, Ltd.*, 153 F.4th 907, 909 (9th Cir. 2025). Young argues that Defendants did not waive the defense or raise waiver in their brief in opposition to remand. But Defendants' counsel appeared to indicate to the district court at oral argument that Defendants would not object to the lack of equitable jurisdiction. Even if Defendants had not expressly waived their adequate-remedy-at-law defense in the proceedings below, under our intervening decision in *Ruiz,* they must be given the opportunity to do so before the district court remands based on the absence of equitable jurisdiction. *Id.* at 918. Accordingly, we vacate the district court's order and remand so that Defendants "can perfect [their] waiver." *Id.*

3.  Because we vacate the district court's order remanding this action to state court and return both claims to the district court, we need not reach the issue of whether the district court erred in treating the lack of Article III standing over Young's requests for public injunctive relief as a basis for remand.

**REVERSED AND REMANDED.**